UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v.            )<br>)<br>PARTHASATHY SUDARSHAN, )<br>*et al*.,        )<br>)<br>Defendants.   )<br> | Criminal No. 07-0051 (RMU) |

**DEFENDANT'S MOTION FOR ESTABLISHMENT
OF CERTAIN CONDITIONS OF CONFINEMENT**

Defendant Parthasarathy Sudarshan, through counsel, respectfully submits this Motion For Establishment Of Certain Conditions Of Confinement. Counsel for the United States has reviewed this motion and does not oppose the motion.

Mr. Sudarshan is currently confined at the District of Columbia Correctional Treatment Facility (CTF) pending trial of this matter. Under rules normally enforced at the CTF, Defendant is prohibited from touching or operating a laptop computer under any circumstances. In the current case, however, much of the evidence at issue is in electronic format. Such evidence includes voluminous records produced by the government in electronic format, and hundreds of intercepted communications stored on compact disks. This electronically stored evidence can only be reviewed using electronic equipment such as a laptop computer.

Defendant personally possesses unique or specialized knowledge needed to review the evidence in question, including familiarity with the transactions reflected in the electronically stored records, familiarity with the specialized programs and databases used by his company to store data related to transactions relevant to his defense, the ability to recognize the

- 2 -

voices heard in intercepted communications at issue in this case, and the ability to understand and translate to English intercepted communications conducted in the Tamil language. For those reasons, Mr. Sudarshan, by counsel, respectfully requests that the Court direct officials and employees of the CTF to make the following accommodations that will allow Defendant to more fully and actively participate in the preparation of his defense:

    A.    Conditions Applicable To Defendant During Legal Visits:

        1.    During legal visits, Defendant shall be allowed to touch and operate a computer to be provided by counsel.  Counsel for Defendant shall be responsible for ensuring that any computer that Defendant is allowed to touch is unable to communicate wirelessly.

        2.    During legal visits, Defendant shall be allowed to touch equipment such as compact disks or electronic storage devices necessary for him to obtain access to electronic information produced in this case or to listen to intercepted communications produced by the government in this case.  Counsel for Defendant shall be responsible for ensuring that any computer equipment that Defendant is allowed to touch is unable to communicate wirelessly.

    B.    Conditions Applicable To Defendant Outside Legal Visits:

        During all times other than during legal visits, officials and employees of the CTF responsible for the confinement of Defendant shall:

        1.    Store in a place that said officials or employees deem to be secure (1) one laptop computer to be provided by counsel for Defendant; and (2) peripheral devices and connectors needed to review evidence in this case, including electronic evidence stored on compact disk or portable hard drives.  Counsel for Defendant shall ensure and certify to officials of the CTF that such laptop and associated peripheral devices are unable to communicate wirelessly.

2.Allow Defendant to keep with his legal papers storage devices such as compact disks or portable hard drives that contain evidence in this case. Such storage devices shall be subject to the same security rules as legal documents maintained by Defendant in paper format.

3.Allow Defendant up to thirty (30) hours per week during which time he is allowed to operate the laptop computer described in Section B.1 above. Defendant's use of the laptop during this time shall be limited to work necessary to assist counsel in preparation of Defendant's defense in this matter. Officials and employees of the CTF shall have discretion to determine the precise location or locations within the CTF (such as the facility library or other specific area) that Defendant shall be allowed to operate the laptop computer in question.

A proposed order is attached.

Respectfully submitted,

*/s/ R. Ayers*
_____
Reid H. Weingarten (D.C. Bar #365893)
William T. Hassler (D.C. Bar #366916)
Robert A. Ayers (D.C. Bar # 488284)
Steptoe & Johnson LLP
1330 Connecticut Avenue, N.W.
Washington, D.C. 20036-1795
(202) 429-3000

Counsel for Parthasarathy Sudarshan

August 31, 2007

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| v. ) | Criminal No. 07-0051 (RMU) |
| ) | |
| PARTHASARATHY SUDARSHAN, ) | |
| *et al.*, ) | |
| ) | |
| Defendants. ) | |

**ORDER**

Upon consideration of Defendant's Motion For Establishment Of Certain Conditions Of Confinement, it is HEREBY ORDERED that Defendant's motion is GRANTED. It is further ORDERED that Defendant's conditions of confinement are modified as follows:

A.  Conditions Applicable To Defendant During Legal Visits:

1. During legal visits, Defendant shall be allowed to touch and operate a computer to be provided by counsel. Counsel for Defendant shall be responsible for ensuring that any computer that Defendant is allowed to touch is unable to communicate wirelessly.

2. During legal visits, Defendant shall be allowed to touch equipment such as compact disks or electronic storage devices necessary for him to obtain access to electronic information produced in this case or to listen to intercepted communications produced by the government in this case. Counsel for Defendant shall be responsible for ensuring that any computer equipment that Defendant is allowed to touch is unable to communicate wirelessly.

- 2 -

B.      Conditions Applicable To Defendant Outside Legal Visits:

During all times other than during legal visits, officials and employees of the CTF responsible for the confinement of Defendant shall:

1.      Store in a place that said officials or employees deem to be secure (1) one laptop computer to be provided by counsel for Defendant; and (2) peripheral devices and connectors needed to review evidence in this case, including electronic evidence stored on compact disk or portable hard drives. Counsel for Defendant shall ensure and certify to officials of the CTF that such laptop and associated peripheral devices are unable to communicate wirelessly.

2.      Allow Defendant to keep with his legal papers storage devices such as compact disks or portable hard drives that contain evidence in this case. Such storage devices shall be subject to the same security rules as legal documents maintained by Defendant in paper format.

3.      Allow Defendant up to thirty (30) hours per week during which time he is allowed to operate the laptop computer described in Section B.1 above. Defendant's use of the laptop during this time shall be limited to work necessary to assist counsel in preparation of Defendant's defense in this matter. Officials and employees of the CTF shall have discretion to determine the precise location or locations within the CTF (such as the facility library or other specific area) that Defendant shall be allowed to operate the laptop computer in question.

SO ORDERED.

                                                        _____
Ricardo M. Urbina
UNITED STATES DISTRICT JUDGE

- 3 -

copies to:

Anthony Asuncion
Assistant United States Attorney
National Security Section
Room 3840
555 Fourth Street, NW
Washington, D.C.  20530

Reid H. Weingarten
Steptoe & Johnson LLP
1330 Connecticut Avenue, N.W.
Washington, D.C.  20036-1795

Anjali Chaturvedi
Nixon Peabody, LLP
401 9th Street, NW
Suite 900
Washington, DC  20004-2128